UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
F. FREDERIC FOUAD, :
 :
                *Plaintiff*, :
 :
  *-against-* :
 :
THE MILTON HERSHEY SCHOOL AND : 20 Civ. 10042 (PAC)
SCHOOL TRUST, ELLIOT GREENLEAF :
P.C., PETER GURT, RALPH CARFAGNO, :
ROBERT HEIST, VELMA REDMOND, : **OPINION & ORDER**
DAVID SALTZMAN, JAMES W. BROWN, :
M. DIANE KOKEN, JAMES M. MEAD, :
MELISSA L. PEEPLES-FULLMORE, JAN :
LOEFFLER BERGEN, ANDREW S. CLINE, :
and JARAD W. HANDELMAN, :
 :
               *Defendants.*[1] :
 :
------------------------------------------------------------X

      Given the long and complicated procedural history of this case, it should perhaps come as little surprise that the case now presents an unprecedented procedural issue. The principal question before the Court on the present motion to remand is whether, where a transferor court determines that subject matter jurisdiction exists, denies remand, and instead transfers the case; and the transferee court subsequently revisits the jurisdictional determination, concludes that

---

[1] This caption matches the one that the case had in the New York County Supreme Court when the defendants (successively) removed this case. Resp. Opp'n ("EG Defs.' Br.") Ex. 17, at 1, ECF No. 38–17. The Court takes no position on whether Navada Hatfield, the Hershey Trust Company, and James C. Katzman are defendants in this action. *Compare* Pl.'s Mot. Conf., 2 & n.4, 3, ECF No. 28 (arguing that they are defendants) *with* EG Defs.' Resp. Opp'n Mot. Conf. 1, ECF No. 30 *and* MHS Defs.' Resp. Opp'n Mot. Conf. 1 & n.1, 2–3, ECF No. 31 (arguing that they are not defendants). Instead, the Court leaves the task of determining who is and is not currently a defendant to the determination of the New York County Supreme Court on remand. Likewise, the Court declines to rule on how Plaintiff is to serve process on Navada Hatfield. Mr. Joe H. Tucker, Jr. is directed to provide Hatfield with a copy of this order, as specified *infra* at pp. 18–19.

1

there is no subject matter jurisdiction, and remands the case to state court in the transferor's district, a subsequent removal to the transferor court, on the same grounds as the first removal, is barred under 28 U.S.C. § 1447(d) because it would require the transferor to review the transferee's remand order.

Having carefully considered the parties' arguments against the small body of caselaw that can fairly be called analogous, the Court holds that § 1447(d) bars it from revisiting the question of whether the federal courts have subject matter jurisdiction over this case. Even if § 1447(d) were inapplicable, the general rule against successive removals on the same grounds would bar review here. Accordingly, the Court remands the case to the New York County Supreme Court.

## **BACKGROUND**[2]

On June 18, 2018, Plaintiff F. Frederic Fouad ("Plaintiff") initiated this action by filing a summons with notice in New York County Supreme Court against The Milton Hershey School and certain of its board members (the "MHS Defendants"), and its counsel, Elliott Greenleaf P.C., along with an Elliott Greenleaf partner, Jarad Handelman (the "EG Defendants," and together with the MHS Defendants, the "Defendants"). EG Defs.' Br. Ex. 1, at 2, ECF No. 38–1. The Summons with Notice alleged state law causes of action including, *inter alia*, abuse of process arising from Defendants' use of subpoenas and pleadings in prior litigation in the United States District Court for the Middle District of Pennsylvania ("M.D. Pa."). *See id.* at 2; *Fouad v.*

---

[2] Because this opinion deals entirely with a procedural issue, the Court opts not to further recount the factual circumstances of this action. But it is somewhat ironic that litigation involving a school founded by the great chocolatier has generated such bitterness between the litigants. *See, e.g.*, *Fouad v. Milton Hershey Sch. & Tr.*, No. 1:19-CV-253, 2020 WL 3265245, at *1 (M.D. Pa. June 17, 2020) ("The parties have conducted this litigation in a bitter and acrimonious fashion, taking every opportunity to engage in a mutually caustic dialogue resulting in dysfunction and strife which is antithetical to the goals of our legal system—'the just, speedy, and inexpensive determination of every action and proceeding.'") (quoting Fed. R. Civ. P. 1).

*Milton Hershey Sch.*, No. 18 Civ. 5674 (PAC), 2019 WL 457567, at *1 (S.D.N.Y. Feb. 6, 2019) ("S.D.N.Y Order Denying Remand").

Defendants promptly removed the case to this Court; Plaintiff moved to remand on the basis that he asserted only state claims; and Defendants cross moved to transfer the case to the M.D. Pa.  S.D.N.Y. Order Denying Remand, 2019 WL 457567, at *1.  On February 6, 2019, the Court found federal subject matter jurisdiction over the action and held that 28 U.S.C. § 1404(a)'s factors favored transfer.  *Id.* at *2, *3.  Consequently, the Court denied Plaintiff's motion to remand and granted Defendants' motion to transfer.  *Id.* at *3.

Over the next year and a half, litigation in the M.D. Pa. generated "more than 65 orders [from magistrate and district judges] on motions, letters, and submissions."  Notice of Removal ¶ 19, ECF No. 6.  The case was eventually reassigned to the Honorable Jennifer P. Wilson, who decided, *sua sponte*, to reexamine whether the action presents federal subject matter jurisdiction.  *Id.* at ¶¶ 18, 22.

On September 28, 2020, Judge Wilson concluded that the federal courts lacked subject matter jurisdiction over the action and remanded the case to the New York County Supreme Court.  *Fouad v. Milton Hershey Sch.*, No. 1:19-CV-00253, 2020 WL 5775018, at *1 (M.D. Pa. Sept. 28, 2020) ("Remand Opinion").  Judge Wilson considered both the Summons with Notice and Plaintiff's federal pleadings.  *Id.* at *3.  The M.D. Pa. and Third Circuit denied Defendants' motions to stay and petitions for a writ of mandamus.  Mot. Remand ("Remand Mem.") Ex. 2, at 3, ECF No. 25–2; Remand Mem. Ex. 3, at 2, ECF No. 25–3.

On December 1, 2020, the New York County Supreme Court received Judge Wilson's certified remand order (the "Remand Order") and reopened its docket for this case.  EG Defs.' Br. 10, ECF No. 38.  That same day, Defendants again removed the case to this Court.  *Id.*  They

now ask the Court to "enforce" its S.D.N.Y. Order Denying Remand, in which the Court previously found federal subject matter jurisdiction over this action. Resp. Mot. 11, ECF No. 37 ("MHS Defs.' Br.").

On December 14, 2020, the Court held a status conference and set a briefing schedule. Plaintiff filed a motion to remand on December 19, 2020 (Mot. Remand, ECF No. 24), along with a memorandum in support of his motion arguing that the Court must remand the action because revisiting the jurisdictional question would constitute a review of Judge Wilson's Remand Order, which § 1447(d) forbids. Remand Mem. 1, ECF No. 25. The MHS Defendants and EG Defendants each filed their responses in opposition on January 11, 2021 (ECF Nos. 37, 38), and Plaintiff filed separate replies to each on January 21, 2021. ECF Nos. 45 ("Reply to MHS Defs."), 46 ("Reply to EG Defs.").[3]

## **DISCUSSION**

### I. Standard of Review

Defendants, as the removing parties, "bear[] the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)); *accord One Sylvan Road North Assocs. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 62 (D. Conn. 1995) (explaining that defendants "have the burden of establishing federal jurisdiction" over a successive removal). The Court construes all factual allegations in favor of Plaintiff, the party seeking remand. *Lark*, 889 F. Supp. at 62.

---

[3] The parties also filed the briefing mentioned in footnote 1, regarding the alleged omission of certain defendants from the caption and how to serve Navada Hatfield.

## II. 28 U.S.C. § 1447(d) in the Second Circuit

Subject to a few exceptions not applicable here (for suits against federal officers or agencies and civil rights cases), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." § 1447(d).  The Supreme Court has interpreted § 1447(d) to bar review only of remand orders based on grounds listed in 28 U.S.C. § 1447(c), such as those ordering remand for lack of subject matter jurisdiction.  *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976) (*abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714–15 (1996)).

The Second Circuit has interpreted § 1447(d)'s "or otherwise" language to "bar[] district courts from reconsidering orders remanding cases on section 1447(c) grounds."[4]  *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005).  This bar applies even if the remand order is erroneous.  *Id.* at 310.  The "principle of non[-]reviewability of remand orders based on lack of jurisdiction 'is important to our system of federalism' and prevents delay caused by 'procedural fencing over the intricacies and perplexities of removal jurisdiction.'"  *Myers v. Sara Lee Corp.*, No. 08–CV–1421 (KAM) (RER), 2009 WL 1373578, at *1 (E.D.N.Y. May 15, 2009) (quoting *Ohio v. Wright,* 992 F.2d 616, 617 (6th Cir. 1993)).

## III. The Present Removal Is On the Same Grounds As Defendants' Prior Removal

Defendants argue that their successive removal is not on the same grounds as their first, because Plaintiff's FAC filed in the M.D. Pa. added a federal claim not present when Defendants first removed this case in 2018.  EG Defs.' Br. 11.  Specifically, the FAC's Count IX requested a

---

[4] Other courts have interpreted § 1447(d) this way, too.  *See, e.g.*, *Seedman v. U.S. Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam); *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986); *Fed. Deposit Ins. Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) (per curiam); *contra Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 456 (7th Cir. 2005).

declaration that Pennsylvania's Dragonetti Act (codifying the common law right to sue for abuse of civil process) is unconstitutional under the First and Fourteenth Amendments to the Federal Constitution. *Id.* at 20. This contention is meritless, for two reasons.

First, because the Remand Order rendered the federal proceedings in this case (including the FAC) a nullity for lack of subject matter jurisdiction, *see Gutierrez v. Fox*, 141 F.3d 425, 426 (2d Cir. 1998) ("Without jurisdiction, any decision or ruling by the court would be a nullity."), and returned the case to the position it occupied at the time of Defendants' first removal in 2018, *City of New York v. N.Y. Jets Football Club*, 394 N.Y.S.2d, 799, 314 (1977), the operative pleading is the Summons with Notice, not the FAC. Thus, the purported federal claim contained in Count IX of the FAC cannot be considered a new ground for removal, as that claim is not before the Court.

Second, if the FAC were somehow operative, the fact remains that Judge Wilson, in her Remand Opinion, already considered Count IX and found that it did not confer subject matter jurisdiction. 2020 WL 5775018, at *12. Thus, there is no way that Count IX can be considered a new or different ground for removal. It would inexplicably elevate form over function to accept the proposition that a ground not raised at the time of the first removal, but fully briefed and subsequently rejected in a remand order, can constitute a new ground for a successive removal solely because that ground was not raised in the original notice of removal. Consequently, Defendants' successive removal, presently before this Court, constitutes a successive removal on the same grounds as the first—the grounds which Judge Wilson found did not confer subject matter jurisdiction. *See Bank of America v. Pastorelli-Cuseo*, No. 3:17-cv-01666 (SRU), 2017 WL 4678184, at *3 (D. Conn. 2017) ("[F]rom a removal perspective, this case is the same as it ever was. The same Plaintiff[] ha[s] sued the same Defendants, . . .

bring[ing] the same legal claims and seek[ing] the same relief as sought previously.") (quoting *Hughes v. Mylan Inc.*, Nos. 11–5543 et al., 2011 WL 5075133, at *6 (E.D. Pa. Oct. 25, 2011)) (first alteration added; further alterations in original).

## IV. Successive Removal on Same Grounds Falls Within 28 U.S.C. § 1447(d)

The statute's text, the policy behind it, and the analogous caselaw applying it all lead to the conclusion that § 1447(d)'s bar on reviewability applies to Defendants' successive removal on the same grounds. *Lark* and *Winfield v. Quiktrip Corp.*, No. 3:19-CV-2652-B, 2019 WL 7037588, at *4 (N.D. Tex. Dec. 20, 2019) stand for the proposition that § 1447(d) bars a successive removal where, as here, it is based on the same grounds as a prior removal that was remanded for lack of subject matter jurisdiction, because resolving the successive removal would require the district court to review a remand order issued on § 1447(c) grounds.

In *Lark*, the district court faced a successive removal petition after a different judge within the same district court remanded the case for lack of subject matter jurisdiction. 889 F. Supp. at 62. The defendant argued that its successive removal was justified because on remand, the state court found that the amount in controversy exceeded the $50,000 then required for federal diversity jurisdiction. *Id.* at 63. The district court rejected that argument, explaining that "[t]he state court judge's ruling, within the jurisdictional context, is merely a 'second opinion' on the financial ramifications of the case. It does not provide a new basis upon which to establish jurisdiction." *Id.* at 64. The district court went on to conclude that "exercis[ing] jurisdiction based on this 'second opinion' would amount to de facto appellate review [of the other district judge's remand order], which is barred by 28 U.S.C. § 1447(d)."[5] *Id.*

---

[5] The court likewise held that the defendant's "new evidence and testimony do not present a different set of facts which establish a new ground for removal. . . . Thus, [the defendant's] second argument, like its first, requires this court to engage in a de facto appellate review of

7

Similarly, in *Winfield*, the court refused to entertain the defendant's successive removal petition after another judge in the same district court remanded the case to state court under 28 U.S.C. § 1447(e) when the plaintiff joined a non-diverse defendant. 2019 WL 7037588, at *1–2. The defendant argued that its successive removal was proper because the non-diverse defendant was fraudulently joined. The court declined to consider that argument, because doing so "would constitute a review of another district court's remand order, which is prohibited by 28 U.S.C. § 1447(d)." *Id.* at *2. Although the remanding judge had not explicitly addressed the improper joinder doctrine, that judge ultimately concluded that the court lacked subject matter jurisdiction once the plaintiff joined the non-diverse defendant. *Id.* at *3. With their successive removal petition, the defendants were asking the "Court to alter that conclusion by finding that it has subject matter jurisdiction over the case." *Id.* Because the defendants did not raise any new grounds for their successive removal, the court deemed that request "nothing more than an artful, if not subtle, attempt to circumvent the plain language and meaning of 28 U.S.C. § 1447(d), which provides that a remand order 'is not reviewable on appeal *or otherwise.*'" *Id.* at *4 (quoting *Majoue*, 802 F.2d at 168). Accordingly, the court held "that it lack[ed] jurisdiction to reconsider the remand order" and remanded the case back to state court. *Id.*

Another District of Connecticut court reached the same conclusion through slightly different reasoning. *Pastorelli-Cuseo*, like *Lark* and *Winfield*, dealt with a successive removal after a different judge in the same district court remanded the case for lack of subject matter jurisdiction. 2017 WL 4678184, at *1. There, the court explained that a district court's remand order establishes the law of the case with respect to the case's removability, and § 1447(d) makes

---

Judge Covello's previous remand order. Such review is not available." *Id.* at 65 (citing § 1447(d)).

8

the law of the case doctrine mandatory where the case was remanded for lack of subject matter jurisdiction. *Id.* at *2. "In other words, section 1447(d) and the law of the case doctrine collectively bar 'a successive removal by the same party on the same grounds if nothing of significance has changed since the prior removal.'" *Id.* (citing *Hughes*, 2011 WL 5075133, at *6). The court determined that because the defendant had not presented any reason for "revisiting" (*id.* at *3) the prior judge's jurisdictional decision nor any new grounds for removal, the defendant's successive removal petition "constitute[d] an improper attempt to 'circumvent section 1447(d)'s prohibition on reconsideration,' and [was] 'barred by the doctrine of the law of the case.'" *Id.* at *3 (first citing *Nicholson v. Nat'l Accounts*, 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000), then citing *Midlock*, 406 F.3d at 457). The court appears to have relied on the law of the case doctrine in particular. *See id.* at *1, *3.

Here, unlike in *Pastorelli-Cuseo*, the Remand Order did not establish the law of the case with respect to the case's removability. Because this Court was the first to decide the question of subject matter jurisdiction, it was this Court's S.D.N.Y. Order Denying Remand that established the law of the case with respect to jurisdiction. *See Christianson v. Colt Indus. Operating Grp.*, 486 U.S. 800, 817 (1988) (explaining that transferor Federal Circuit necessarily decided jurisdiction first and thus established the law of the case, which transferee Seventh Circuit departed from when it decided that it lacked jurisdiction and transferred the case back to the Federal Circuit, and rejecting the notion that the Federal Circuit should have accepted the Seventh Circuit's jurisdictional determination as the law of the case). *Christianson* implies that there is no "last in time" rule with respect to the law of the case doctrine. The first court to decide a rule of law, rather than the last court to do so, establishes the law of the case.

Accordingly, it would not be appropriate to defer to Judge Wilson's Remand Order solely on law of the case principles.

That is not to say that deference has no place, however. The principles of judicial comity, judicial economy, and finality all militate in favor of deference here; but § 1447(d)'s bar on reviewability, not deference principles, provides the strongest reason for not disturbing the Remand Order. Thus, *Pastorelli-Cuseo*'s discussion of § 1447(d) remains instructive, even if that court ultimately based its decision mostly on law of the case principles.

## V.  The S.D.N.Y. Order Denying Remand is No Longer the Law of the Case

Though the S.D.N.Y. Order Denying Remand was the first to address the jurisdictional question, it is not the law of the case any longer, despite Defendants' arguments to the contrary. EG Defs.' Br. 1, 11, 12–13.[6] Defendants argue that § 1447(d) does not apply because they are not seeking review of Judge Wilson's Remand Order, but instead are simply asking this Court to "enforce" its own prior ruling that the federal courts do have subject matter jurisdiction over this case. MHS Defs.' Br. 11. Plaintiff counters that if, as Defendants argue, the Remand Order returned this entire action to the status it held at the time of the first removal, in 2018, and rendered the federal proceedings a nullity for lack of subject matter jurisdiction, then the S.D.N.Y. Order Denying Remand is also a nullity, and therefore cannot be "enforced." Reply to

---

[6] Defendants also strenuously argue that Judge Wilson should have deferred to this Court's jurisdictional determination as the law of the case, but that argument falls flat. *Id.* at 7–9; MHS Defs.' Br. 16. *Christianson* makes clear that the prudential law of the case doctrine did not limit Judge Wilson's power to revisit the question of subject matter jurisdiction. *See* 486 U.S. at 817 ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances . . . ."). In any event, because § 1447(d) bars review of the Remand Order, this Court declines Defendants' invitation to pass on the wisdom of Judge Wilson's decision to depart from the law of the case in revisiting the jurisdictional question.

EG Defs. 5 n.8. Additionally, says Plaintiff, determining whether subject matter jurisdiction exists would necessarily constitute a de facto review of the Remand Order. *Id.* at 5–6.

Defendants want it both ways. They argue fervently that because the Remand Order rendered the federal proceedings a nullity, the defendants named for the first time in federal court (Hatfield, the Hershey Trust Company, and Katzman) are no longer defendants in this action. EG Defs.' Resp. Opp'n Mot. Conf. 2 n.2. At the same time, Defendants argue that the Court should "enforce" its earlier decision denying remand, implying that decision somehow escaped this mass nullification. Reply to EG Defs. 5 n.8.

As discussed above, the Remand Order nullified all federal proceedings in this case, including the S.D.N.Y. Order Denying Remand; thus, that order cannot be enforced as the law of the case. And Plaintiff is correct that if the Court revisits the issue of subject matter jurisdiction, the Court will in fact be reviewing the same facts, arguments, and legal analyses that Judge Wilson already considered and rejected, which would constitute a de facto review of her determinations. Accordingly, Defendants' argument that they are seeking only the enforcement of the law of the case is unavailing. Instead, their successive removal to this Court effectively seeks what § 1447(d) bars: review of the Remand Order.

## VI.     Procedural Differences Do Not Counsel A Different Determination

Of course, *Lark*, *Winfield*, and *Pastorelli-Cuseo* did not involve, as this case does, a decision from one district court finding that the action *does* present federal subject matter jurisdiction, followed by a decision from another district court finding that the action *does not* present subject matter jurisdiction and remanding the case prior to the successive removal. But that procedural difference does not affect the outcome here. Other than their unavailing argument that the S.D.N.Y. Order Denying Remand remains the law of the case, Defendants do

11

not raise any reason why this Court's prior finding of subject matter jurisdiction means that § 1447(d) does not apply to bar review of Judge Wilson's Remand Order. And given § 1447(d)'s policy of avoiding prolonged "procedural fencing over the intricacies and perplexities of removal jurisdiction," *Myers*, 2009 WL 1373578, at *1 (citation omitted), the Court sees no reason why it should. Further, the Court need not decide whether Judge Wilson, as transferee, stood in this Court's shoes when she issued her Remand Order, because the foregoing cases demonstrate that § 1447(d) bars a district court from reviewing a remand order issued by another district court on § 1447(c) grounds, even where there is no transferor/transferee relationship between the two courts.

## VII.   No Authority for Contrary Position

*Lark*, *Winfield*, and *Pastorelli-Cuseo*, as non-binding cases with slightly different procedural histories, do not provide particularly robust support for the Court's conclusion that § 1447(d) bars the Court from revisiting the jurisdictional question. But some support is better than none. Defendants do not cite, nor was the Court able to find, a single case (which remains good law) in which a district court entertained a successive removal on the same grounds as a prior removal after another court had remanded the case for lack of subject matter jurisdiction.

One Northern District of Illinois court entertained a successive removal petition in those circumstances, but that case is no longer good law. There, the Central District of Illinois remanded the case because it had been "improperly removed to the district court under 28 U.S.C. § 1441." *Sawyer v. Commonwealth Edison Co.*, 847 F. Supp. 96, 98 (N.D. Ill. 1994) (citation omitted). The defendants then filed a successive notice of removal in the Northern District of Illinois, along with a motion to transfer to the Central District. *Id.* The plaintiffs argued that because the Central District had remanded for lack of subject matter jurisdiction, § 1447(d)

barred the court from reviewing the remand order. *Id.* at 98–99.  The court disagreed, saying: "the Plaintiffs do not cite and the Court cannot find any cases which suggest that a subsequent district court is bound by a prior different district court's remand order which was based on the prior district court's erroneous determination that it lacked subject matter jurisdiction." *Id.* at 99. The court then decided that the law of the case did not bar its review either, found subject matter jurisdiction, denied the motion to remand, and granted the motion to transfer. *Id.* at 99–101.

But *Midlock v. Apple Vacations W., Inc.* made clear that *Sawyer* is not good law.  406 F.3d 453 (7th Cir. 2005). In *Midlock*, the Northern District of Illinois remanded the case for lack of subject matter jurisdiction. 406 F.3d at 455. Back in state court, another defendant (represented by the same attorney) removed the case to the Central District of Illinois. *Id.* The Central District court then remanded the case for improper venue (as the district embracing the state court was the Northern District) and ordered the attorney to show cause as to why the court should not sanction him for his frivolous successive removal. *Id.* The Central District court imposed sanctions, and the attorney appealed the sanctions order. *Id.* at 456.

On appeal, the Seventh Circuit explained its view that § 1447(d)'s "or otherwise" language refers to other forms of *appellate* review, rather than review by another district judge.[7]

---

[7] Interestingly, subsequent decisions by lower courts within the Seventh Circuit have refused to reconsider their own remand orders, relying on the "or otherwise" language of § 1447(d) and stating that the Seventh Circuit has not taken a position on district courts' review of their own remand orders—while citing *Midlock*. *PNC Bank, N.A. v. Spencer*, No. 13-cv-21-bbc, 2013 WL 11320931, at *1–2 (W.D. Wisc. May 23, 2013); *Komacko v. Am. Erectors, Inc.*, No. 2:12–CV–495, 2013 WL 3467202, at *1 (N.D. Ind. July 10, 2013). Another district court, however, cited *Midlock* for the proposition that because "or otherwise" refers to other forms of appellate review, § 1447(d) does not bar re-removals. *Spurgeon v. Pacific Life Ins. Co.*, Nos. 06-cv-0983-MJR, 06-cv-0925-MJR, 2007 WL 685943, at *2 (S.D. Ill. Mar. 6, 2007). So, the law of the Seventh Circuit seems to be that § 1447(d) does not bar successive removals, but the law of the case does absent changes between the first and second removals; and § 1447(d) does forbid district courts from reconsidering their own remand orders issued on § 1447(c) grounds.

13

*Id.* at 456.  Thus, § 1447(d) did not bar the successive removal; but the law of the case did, as no intervening events justified revisiting the Northern District court's remand order.  *Id.* at 457.  The law of the case forbade the defendants from removing as many times as they liked, and 28 U.S.C. § 1446(a)'s exclusive venue provision forbade them from removing to as many districts as they liked.  *Id.*  The defense attorney argued that sanctions were not warranted because he relied on *Sawyer* in filing the successive removal.  *Id.*  The Seventh Circuit rejected that argument, because *Sawyer* was "unreasoned and obviously incorrect," and gave the attorney "no support at all."  *Id.* at 457, 458.  The panel then affirmed the Central District court's sanctions order.  Thus, *Sawyer* does not provide Defendants any support.

*Midlock*'s conclusion that § 1447(d) does not bar a successive removal on the same grounds as a prior removal remanded for lack of subject matter jurisdiction provides no support to Defendants, either.  That conclusion was based on an interpretation of § 1447(d) that reads "or otherwise" to preclude only other forms of appellate review, whereas the Second Circuit clearly interprets "or otherwise" to preclude district court review.  *Shapiro*, 412 F.3d at 312.  Therefore, courts within this Circuit are precluded from accepting *Midlock*'s reasoning.

Accordingly, there is no authority for the position that § 1447(d) does not bar this Court from considering a successive removal based on the same grounds as a prior removal that another district court remanded for lack of subject matter jurisdiction.

**VIII.   28 U.S.C. § 1447(d) is Not Limited to "Routine" Remand Orders**

Defendants' argument that § 1447(d) applies only to "routine" remand orders issued on § 1447(c) grounds (MHS Defs.' Br. 12) is unconvincing.  The word "routine" is not to be found in § 1447(c) or (d).  Instead, Defendants cite *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 124 (3d Cir. 1998), and *In re TMI Litig. Cases Consol. II*, 940 F.2d 832, 832 (3d Cir. 1991),

14

in support of this qualification.  *Feidt* and *TMI* are distinguishable in that both dealt with interlocutory appeals from remand orders under 28 U.S.C. § 1292(b), not district courts' review of remand orders.

But more importantly, the Second Circuit has considered *Feidt* and *TMI*, and construed them narrowly.  In its *In re World Trade Ctr. Disaster Site* opinion, the court explained that "what the Third Circuit in *TMI* described as 'unsettled' was not a jurisdictional question but rather a 'constitutional' question."  414 F.3d 352, 369 (2d Cir. 2005) (quoting *TMI,* 940 F.2d at 848).  "The statute at issue in *TMI* clearly conferred subject matter jurisdiction, and the district court did not rule to the contrary.  Rather, the district court based the remand on its ruling that the statute—which was intended to (and did) confer federal jurisdiction—was beyond Congress's power and hence was unconstitutional."  *Id.*  Thus, the "*TMI* court stated that it had granted permission to appeal pursuant to § 1292(b) '[b]ecause [it was] convinced that the bar of section 1447(d) was not intended to preclude appellate consideration of a section 1292(b) certified question concerning the constitutionality of an Act of Congress.'"  *Id.* at 370 (quoting *TMI*, 940 F.2d at 836) (alterations in original).  And *Feidt* "emphasized that [the Third Circuit] views its *TMI* decision on the availability of § 1292(b) review as limited to remands premised on a federal statute's unconstitutionality and as leaving undisturbed the principle that 'a routine jurisdictional inquiry into the satisfaction of the removal requirements' is unreviewable."  *Id.* at 370 (quoting *Feidt*, 153 F.3d at 129 n.5).  This is a far cry from a blanket holding that § 1447(d) prohibits review only of routine remand orders for lack of subject matter jurisdiction.

The Second Circuit went on to reject the defendant's argument that "a jurisdiction-based remand is reviewable on the basis that it involved novel or important jurisdictional questions." *Id.*  Because the Supreme Court has ruled that § 1447(d) does not allow inquiries into even

15

erroneous remand orders, "review is barred *a fortiori* where the order raises questions that are merely 'significant' or 'unsettled.'" *Id.* Accordingly, this Court cannot hold that § 1447(d) does not apply simply because this case raises a novel and important jurisdictional question—i.e., because it is not "routine."

### IX. The General Rule Against Successive Removals on Same Grounds Also Bars Review

Even if § 1447(d) were inapplicable to Defendants' successive removal, the general rule against successive removals on the same grounds a court previously rejected would compel remand in this case. *See Pastorelli-Cuseo*, 2017 WL 4678184, at *2 (citing *St. Paul & Chi. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883)). Defendants are correct that the removal statute does not forbid successive removals (EG Defs.' Br. 11–12), but federal courts have long required different grounds for successive removals to be permitted. *United States v. Ortiz*, No. 13 Civ. 136 (JMF), 2013 WL 2413724, at *2 (S.D.N.Y. June 4, 2013) ("Since [*McLean*], federal courts have adhered to a general rule that, absent an intervening change in the underlying factual circumstances, a second removal by the same party on the same ground is impermissible and may subject the removing party to sanctions."). "Different ground" refers to the pleading or event that made the case removable, not the Defendants' theory of federal jurisdiction. *Abbo-Bradley v. City of Niagara Falls*, No. 1:20-cv-00136-FPG, 2021 WL 243701, at *3 (W.D.N.Y. Jan. 25, 2021). As discussed above, Defendants do not raise a different ground for removal here; instead, they raise the same arguments—based on the same pleadings—that Judge Wilson considered and rejected.

That the M.D. Pa., the transferee court, issued the Remand Order rather than this Court does not abrogate this general rule against successive removals on the same grounds. *See Cal. Pub. Emps.' Ret. Sys. v. Wachovia Capital Mkts., LLC*, No. CV 09–1555–JFW (AJWx), 2009

16

WL 10681959, at *2 (C.D. Cal. Apr. 3, 2009) ("[The defendant's] argument that the general rule prohibiting successive removals on the same grounds only applies when the remand order is issued by the court to which the case originally was removed, and not, as in this case, by the court to which the case was transferred is unpersuasive." The defendant did not offer any authority in support of its proposed distinction, "[d]espite bearing the burden of demonstrating the propriety of the removal," and "the policies underlying the general rule prohibiting successive removals on the same grounds—allowing litigation to proceed in a timely fashion and minimizing interference by federal courts with state court proceedings—are the same regardless of which court remanded the case."). Accordingly, the general rule against successive removals on the same grounds a court previously rejected bars Defendants' successive removal in this case.

## X.     Sanctions

Because Defendants' successive removal was objectively reasonable, the Court will not award Plaintiff attorneys' fees and costs under § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). "A basis for removal is 'objectively reasonable' if the removing party had a colorable argument that removal was proper." *Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677, 683 (S.D.N.Y. 2017) (quoting *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 407 (S.D.N.Y. 2014)).

The unprecedented procedural posture of this case and the lack of guidance on the applicability of § 1447(d) to these facts indicate that Defendants' successive removal was objectively reasonable. *See Williams v. Int'l Gun-A-Rama*, 416 F. App'x. 97, 99 (2d Cir. 2011)

("'[I]f clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees,' and '[d]istrict court decisions . . . do not render the law clearly established.'") (quoting *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007)). Defendants' argument that Plaintiff's FAC raised new grounds for removal was colorable, though ultimately unavailing. Likewise, it was objectively reasonable for Defendants' to rely on *Christianson* to argue that the S.D.N.Y. Order Denying Remand was the law of the case such that the successive removal sought application of that order rather than review of the Remand Order. Accordingly, Plaintiff's motion for costs and expenses (including attorneys' fees) under § 1447(c) is denied. *See Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 472 (S.D.N.Y. 2006) ("[T]he mere fact that the defendant fails to carry his burden does not of itself require an award of costs to the plaintiff.").

Similarly, because Defendants' successive removal was objectively reasonable, the Court declines to exercise its inherent power to sanction Defendants for their successive removal.

## XI. Additional Issues

Because § 1447(d) bars this Court from reaching the merits of whether federal subject matter jurisdiction exists, the Court declines to rule on the side issue of whether Hatfield, the Hershey Trust Company, and Katzman are defendants, leaving that determination to the New York County Supreme Court on remand. Likewise, that court will decide how Plaintiff is to serve Hatfield with process, if—or when—that issue becomes relevant.

The Court directs Mr. Tucker to provide Hatfield with a copy of this order. The Court has authority to so direct Mr. Tucker, because he participated in the December 14, 2020 status conference as Hatfield's counsel, and though he indicated via email that he intended to move to withdraw from representing Hatfield, Mr. Tucker never filed a motion to withdraw. *See* Tr. 3:9–

10, ECF No. 26; Remand Mem. Ex. 4, at 3, ECF No. 25–4; Pl.'s Mot. Conf. 1.  This direction should not be construed as the Court taking any position on the attorney/client relationship between Mr. Tucker and Hatfield.

One final point bears mentioning.  The EG Defendants repeatedly argue that Plaintiff has waived subject matter jurisdiction by failing to address the merits in his motion for remand.  EG Defs.' Br. 10–11, 15–16.  The Court reminds counsel that "[s]ubject-matter jurisdiction can never be waived or forfeited."  *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Holt v. Stonington*, 765 F.3d 127, 130 (2d Cir. 2014).  28 U.S.C. § 1447(c) does not—and cannot—provide otherwise.

## CONCLUSION

For the foregoing reasons, the Court finds that § 1447(d) bars it from revisiting whether this Court has subject matter jurisdiction over this case.  Even if § 1447(d) were inapplicable, the general rule against successive removals would still require remand here.  Accordingly, the Remand Order must stand undisturbed; this Court lacks jurisdiction to review it.  Plaintiff's motion to remand is GRANTED.  Plaintiff's motion for sanctions is DENIED.  Plaintiff's motion for an order amending the caption and directing the method of service upon Navada Hatfield is DENIED.  The Clerk of Court is directed to send a certified copy of this remand order to the New York County Supreme Court, and to terminate the motions at ECF Nos. 24 and 28.

Dated: New York, New York  
      March 5, 2021

SO ORDERED

_____  
HONORABLE PAUL A. CROTTY  
United States District Judge